IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-92-052-CR




WILLIAM D. TOWNE,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 



FROM THE COUNTY COURT AT LAW NO. 6 OF TRAVIS COUNTY 



NO. 344,967, HONORABLE DAVID PURYEAR, JUDGE PRESIDING


 





PER CURIAM

 The county court at law found appellant guilty of driving while intoxicated and
assessed punishment at incarceration for sixty days and a $1000 fine, probated. Tex. Rev. Civ.
Stat. Ann. art. 6701l-1 (West Supp. 1992). The sufficiency of the evidence is not challenged, and
a recital of the facts is not necessary.

 In his first point of error, appellant contends the court erred by overruling his
application to take a deposition. Tex. Code Crim. Proc. Ann. art. 39.02 (West 1979). Such an
application must be supported by a showing of good cause, and the trial court has broad discretion
whether to order a deposition. May v. State, 738 S.W.2d 261, 273 (Tex. Crim. App. 1987).

 Appellant filed his application on December 11, 1991, five days before his trial
began. In the application, appellant sought to depose Carlos Castro, who "intends to be residing
in the Far East and will therefore be unlikely to be available to testify at trial." The transcript also
contains a letter from Castro dated June 2, 1991. In the letter, Castro explains that he was with
appellant on the night of his arrest and, in his opinion, appellant was not intoxicated. Castro
states in the letter that he will be unable to testify because "I will be leaving the country to pursue
my postdoctorate in Europe." Responding to questions by the court, defense counsel
acknowledged that in June, when Castro's letter was written, the witness was available to testify. 
He also acknowledged that this cause was on the trial docket at that time, but that trial had been
postponed at appellant's request. Speaking for himself, appellant explained that "I didn't feel fit
to go to trial at the time because I've been suffering from depression." 

 The record is silent as to whether Castro was in fact out of the country and
unavailable to testify in December 1991. If he was unavailable to testify, it follows that he was
also unavailable to be deposed and it would have been a useless thing for the court to grant the
application for deposition. If, on the other hand, Castro was available to be deposed, he was also
available to testify at trial and the deposition was not necessary. In either event, the court did not
abuse its discretion by overruling the application. The first point of error is overruled.

 In point of error two, appellant urges that his trial counsel was ineffective because
he failed to timely prepare and file the application for deposition in June 1991. In order to
prevail, appellant must demonstrate that this omission was outside the range of professionally
competent assistance and that, but for the error, the result of the trial would have been different. 
Hernandez v. State, 726 S.W.2d 53 (Tex. Crim. App. 1986). Without deciding whether the
single error cited by appellant rendered counsel's assistance incompetent, we conclude that
appellant has failed to demonstrate that the result of the trial would have been different had a
timely application been filed.

 As noted above, this cause was on the trial docket in June 1991 when appellant
learned of Castro's plan to move overseas. We consider it likely that the trial court would have
overruled an application for deposition filed at that time, preferring instead to try the case. We
cannot say that such a decision by the court would have been an abuse of discretion.

 Further, appellant has not shown harm even if we assume that the trial court would
have granted a timely application for deposition. The arresting officer testified that appellant
exhibited the usual signs of intoxication (bloodshot eyes, odor of alcoholic beverage, lack of
coordination), failed four field sobriety tests, and did not have the normal use of his mental and
physical faculties. Appellant testified that he consumed only one beer during the course of the
evening and denied being intoxicated. Had this been the only evidence, an argument could be
made that Castro's deposition, which we assume from his letter would have paralleled appellant's
testimony, might have affected the court's assessment of the relative credibility of the officer and
appellant. But, in addition to the testimony, the court also viewed a videotape of appellant taken
at the police station following his arrest. After both sides closed, the court stated:



 I believe beyond any doubt that the individual that I saw on the tape -- the
you that I saw on the tape that evening did not have the normal faculties about
them [sic]. Instances of speech that were obviously slurred, movements here and
there that to me indicated a measure of intoxication.


 Therefore, given that finding that I do not believe you had the normal use
of your faculties about you on that evening, I would find you guilty of the offense
of driving while intoxicated.



Because the finding of guilt was based on the court's evaluation of the videotape, and because
nothing Castro might have said in a deposition could change that videotape, we conclude that the
result of the trial would not have been different had counsel secured the deposition. The second
point of error is overruled.

 The judgment of conviction is affirmed.


[Before Chief Justice Carroll, Justices Jones and Kidd]

Affirmed

Filed: October 14, 1992

[Do Not Publish]